[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR SUMMARY JUDGMENT (#118)
The defendant Alan Witkin has moved for summary judgment on the grounds that the plaintiff's action is barred by the applicable statute of limitations. For the following reasons, the motion for summary judgment is granted.
"Practice Book . . . § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Brackets omitted; internal quotation marks omitted.) Miles v. Foley,253 Conn. 381, 385, 752 A.2d 503 (2000). A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven,213 Conn. 277, 279, 567 A.2d 829 (1989). "A defendant's motion for summary judgment is properly granted if it raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact. Perille v. Raybestos-Manhattan-Europe, Inc.,196 Conn. 529, 543, 494 A.2d 555 (1985)." (Internal quotation marks omitted.) Brunswick v. Safeco Ins. Co., 48 Conn. App. 699, 704,711 A.2d 1202, cert. denied, 247 Conn. 923, 719 A.2d 1168 (1998).
The material facts are not in dispute. The plaintiff Frank A. Perrelli, representing himself, filed this civil action on June 14, 1999. His complaint is dated June 3, 1999 and it was returnable to court on July 6, 1999. In his complaint, Perrelli alleged that the defendant filed a false report with the New Haven police against him on June 2, 1996 as a result of which his honor and dignity were affected and he was caused great pain, humiliation and suffering. (Complaint ¶¶ 1, 2, 4). In a revised complaint dated June 4, 2000, the plaintiff made essentially the same allegations. (Revised Complaint, ¶¶ 1, 2, 4, 7, 8).
The defendant maintains that this action is barred, as a matter of law, by General Statutes § 52-597 which provides that: "No action for libel or slander shall be brought but within two years from the date of the act complained of." Since the alleged false report was made on June 2, 1996 and this action was commenced by a complaint dated June 3, 1999, CT Page 5991 it is time-barred by the statute of limitations.
The plaintiff has replied that he is not suing for defamation but for pain, humiliation, mental stress and suffering. However, the facts alleged in plaintiff's complaint, that the defendant falsely reported that he committed a crime, constitute defamation. See Battista v. UnitedIlluminating Co., 10 Conn. App. 486, 492, 523 A.2d 1356 (1987). Moreover, even if the court were to view this action only as one claiming negligent infliction of emotional distress, it would still be subject to a two-year statute of limitations, General Statutes § 52-584, and would be time-barred. Rivera v. Double A Transportation, Inc.,248 Conn. 21, 31, 727 A.2d 204 (1999).
Accordingly, since there is no genuine issue of material fact and the defendant's motion raises a legally sufficient defense which bars the plaintiff's claims, the motion for summary judgment is granted.
Lager, J.